Argued and submitted December 2, 2019; reversed and remanded with instructions to enter a judgment deleting the requirement that mother submit to a psychological evaluation, otherwise affirmed February 20, 2020

In the Matter of Z. S. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. W.,
*Appellant.*

Benton County Circuit Court
16JU03968; A171514

460 P3d 1044

In this juvenile dependency case, mother appeals from a permanency judgment, assigning error to the juvenile court's order requiring her to submit to a psychological evaluation after the court had already terminated her parental rights. Mother argues that the juvenile court was without authority to order the evaluation. *Held*: The juvenile court erred in ordering a psychological evaluation. Because the plan was adoption and because mother's parental rights had been terminated, the Department of Human Services could not establish a need for a psychological evaluation as a component of the case plan.

Reversed and remanded with instructions to enter a judgment deleting the requirement that mother submit to a psychological evaluation; otherwise affirmed.

Locke A. Williams, Judge.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Dashiell Farewell, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Reversed and remanded with instructions to enter a judgment deleting the requirement that mother submit to a psychological evaluation; otherwise affirmed.

**MOONEY, J.**

In this juvenile dependency case, mother appeals from a permanency judgment, assigning error to the juvenile court's order requiring her to submit to a psychological evaluation after her parental rights had been terminated. Because the court ordered a psychological evaluation after the plan had been changed to adoption and mother's parental rights had been terminated, the court lacked authority for its order. We therefore reverse the court's permanency judgment insofar as it ordered mother to submit to a psychological evaluation, and we otherwise affirm.

"We review the juvenile court's legal conclusions for errors of law and its findings for any evidence." *Dept. of Human Services v. A. F.*, 295 Or App 69, 71, 433 P3d 459 (2018). The relevant facts are largely procedural and undisputed. In 2017, the juvenile court changed the permanency plan for mother's child, Z, from reunification to adoption. In April 2018, mother's parental rights were terminated. Finalization of the adoption in the dependency case had been delayed pending an appeal and an open ineffective assistance of counsel proceeding in the termination of parental rights (TPR) case. In the meantime, ORS 419B.470(8) requires the dependency court to conduct permanency hearings every six months until the adoption is finalized, and it was at one such hearing in June 2019 when the Department of Human Services (DHS) moved the court to order mother to submit to a psychological evaluation. That motion, and the court's ruling on it, are the subject of this appeal.

At the permanency hearing, DHS argued that a psychological evaluation would help inform its continued case planning, including how to facilitate post-termination contact between mother and Z. Mother objected and requested a separate hearing to address that issue. The court overruled her objection and ordered mother to submit to the evaluation. It also continued Z's permanency plan of adoption.

Mother now assigns error to (1) the juvenile court's denial of her request for a hearing on DHS's motion and (2) its order requiring her to submit to a psychological

evaluation.[1] She argues that the court lacked authority to enter the order because it did not first establish the need for the evaluation at a hearing that she had requested and to which she was entitled. As discussed below, we agree that the court lacked authority to order mother to submit to a psychological evaluation.

DHS is required to use reasonable efforts to assist families to achieve safe reunification, ORS 419B.340(1), taking into consideration the recommendations and information provided by the juvenile court, ORS 419B.343(1). ORS 419B.337 authorizes the court to order DHS to provide certain types of services, but it allocates responsibility for actual case planning and the provision of services to DHS. For example, the court may order DHS to make parenting classes available to the parents, but the actual details of the specific classes to be offered and the logistics of registering and scheduling the classes is left to DHS in its daily work with the parents. When the case plan is reunification, services ordered and offered must be "rationally related" to the circumstances that brought the child within the jurisdiction of the court in the first place. ORS 419B.343(1)(a). In other words, case planning must focus on fixing what is broken so the family can be reunited. But once the plan is changed away from reunification, the services and efforts shift away from remediation to the steps necessary to achieve the new plan. ORS 419B.343(2).

---

[1] DHS contends that mother failed to preserve her arguments below because she failed to present an argument closely related to the one she advances now regarding the court's authority to enter the order. Mother did not explicitly argue, as she does here, that the court had no authority under ORS 419B.387 to order her to submit to an evaluation. However, the record indicates that mother objected to the court's order, explaining:

> "[T]he standards that apply for obtaining a forensic evaluation for a parent in [termination of parental rights proceedings] are different from the [standards] that apply for obtaining a psychological evaluation that's going to be used to guide treatment services and training for the parent, so at this point I'd like to make a request that we schedule a time for argument on that particular issue and allow me to brief this for the court."

It should have been clear to the juvenile court at that point that mother was objecting to its authority to order her to submit to an evaluation. She referred to "treatment and training" in her argument to the juvenile court and she requested a hearing. That was sufficient for mother to have adequately preserved her lack of authority argument.

The question in this case is not whether the juvenile court had the authority to order DHS to arrange for a psychological evaluation for mother when the case plan was reunification.[2] The question here is whether the court had the authority to order the biological mother to submit to a psychological evaluation after the case plan was changed to adoption and after her parental rights had been terminated. The questions are not the same, and it is important to recognize that.

Mother relies upon ORS 419B.387 and DHS offers no other authority in this case. Our recent case law on that statute is instructive. That statute provides:

> "If the court finds in an evidentiary hearing that treatment or training is needed by a parent to correct the circumstances that resulted in wardship or to prepare the parent to resume the care of the ward, the court may order the parent to participate in the treatment or training if the participation is in the ward's best interests."

ORS 419B.387, by its terms, governs orders for treatment and training for remedial purposes (to correct the circumstances that resulted in wardship) in the context of reunification efforts (to prepare the parent to resume care). That is why, in *Dept. of Human Services v. D. R. D.*, 298 Or App 788, 450 P3d 1022 (2019), we held that ORS 419B.387 authorizes the juvenile court to order a parent to submit to a psychological evaluation, *but only after* "the establishment of a need for treatment or training at the evidentiary hearing[.]" *Id.* at 799; *see also Dept. of Human Services v. T. L. H.*, 300 Or App 606, 453 P3d 556 (2019) (affirming a similar order for a psychological evaluation after its need was first established at an evidentiary hearing).

_____

[2] ORS 419B.337(2) addresses the court's authority to order DHS to provide services for children and parents, and ORS 419B.343 addresses DHS's obligations to also consider all information provided by the court in its case planning activities. Additionally, we have interpreted ORS 419B.337(2) as providing authority for the court to order parents to participate in the services it has ordered DHS to provide to them. *See, e.g., State ex rel Juv. Dept. v. G. L.*, 220 Or App 216, 223, 185 P3d 483, *rev den*, 345 Or 158 (2008); *State ex rel Juv. Dept. v. Macginnis*, 28 Or App 935, 937, 561 P2d 1044 (1977). We need not explore those cases here where mother's rights have been terminated and, in any event, DHS did not assert or develop an argument based on ORS 419B.337(2).

In contrast, here, DHS's request for an order requiring mother to submit to a psychological evaluation was made after the plan changed to adoption and after mother's rights were terminated. It was not possible for DHS to show, at an evidentiary hearing, that mother needed treatment or training to assist with DHS's reunification efforts. Unlike the case plans in both *D. R. D.* and *T. L. H.*, the plan in the case before us is adoption, not reunification. Because this case is no longer about corrective treatment, and because the order was directed to a party who is no longer the child's legal parent and, thus, not preparing to resume care of the child, ORS 419B.387 does not provide authority for the court's order in this case.

We recognize that the juvenile court ruled on DHS's motion before our decisions in *D. R. D.* and *T. L. H.* issued, but those cases are not necessary to the outcome of this case. Mother's parental rights had been terminated at the time the permanency judgment containing the order for a psychological exam was entered. DHS sought the psychological evaluation to assist it in facilitating post-termination contact between mother and child—not to treat or train mother to meet her child's needs or to resume her care. Under these circumstances, the need for a psychological evaluation as a component of a case plan cannot be established, and there is no need to remand this case for an evidentiary hearing.[3]

The juvenile court erred by ordering mother to submit to a psychological evaluation after the plan changed to adoption and mother's parental rights had been terminated.

Reversed and remanded with instructions to enter a judgment deleting the requirement that mother submit to a psychological evaluation; otherwise affirmed.

---

[3] It appears that the judgment terminating mother's parental rights was set aside during the pendency of this appeal, that a TPR trial occurred thereafter, and that mother's rights were again terminated. In light of that, we see no need for further proceedings in the juvenile court on this issue.