*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted February 14, affirmed March 29, petition for review denied June 1, 2023 (371 Or 127)

In the Matter of D. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. E.,
*Appellant.*

Clackamas County Circuit Court
20JU05405; A179365

Todd L. Van Rysselberghe, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

In this dependency case, father appeals from a permanency judgment that changes the permanency plan for his child, D, from reunification to guardianship. He assigns error to the juvenile court's determination that the Department of Human Services (DHS) used reasonable efforts to reunify father and D, and to the order changing D's permanency plan from reunification to guardianship. We conclude that the juvenile court did not err in making its reasonable efforts determination, and that it did not err in changing the plan to guardianship. We, therefore, affirm.

"[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Whether the efforts of DHS were reasonable, for purposes of ORS 419B.476(2)(a), is a question of law that we review for legal error. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020).

Dependency jurisdiction was established in December of 2020 at a hearing after each parent made certain admissions, exhibits were received, and testimony was taken. As relevant here, father admitted (1) that he engaged in such a high level of conflict with mother that it creates a risk of harm to D, and (2) that, when D is in father's care, he makes emotionally abusive statements to D, which presents a risk of harm to D. Allegations that father had exposed D to domestic violence were dismissed. D has been a ward of the court and in the legal custody of DHS since then.

When conducting a permanency hearing in a case where the plan is reunification, the juvenile court is required to determine whether DHS "has made reasonable efforts * * * to make it possible for the ward to safely return home and whether the parent has made sufficient progress to make it possible for the ward to safely return home. In making its determination, the court shall consider the ward's health and safety the paramount concerns." ORS 419B.476(2)(a).

The court analyzes the reasonableness of DHS's efforts in reference to the adjudicated jurisdictional bases. *Dept. of Human Services v. N. T.*, 247 Or App 706, 715, 271 P3d 143 (2012). In other words, the court looks to see whether DHS has adequately focused its efforts on "fixing what is broken so the family can be reunited." *Dept. of Human Services v. P. W.*, 302 Or App 355, 358, 460 P3d 1044 (2020). DHS's efforts are reasonable when they "focus on ameliorating the adjudicated bases for jurisdiction, and *** give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. W. M.*, 310 Or App 594, 598, 485 P3d 316 (2021) (internal quotation marks omitted).

Although father does not dispute that his progress has been insufficient to ameliorate the circumstances that resulted in jurisdiction, he argues that his lack of progress is due, at least in part, to the lack of reasonable efforts on the part of DHS. DHS's efforts and father's progress are, no doubt, symbiotically related. In fact, we consider DHS's efforts to assist father under the totality of the circumstances present in this case, remaining mindful that D's health and safety are our paramount concern. *Dept. of Human Services v M. K.*, 285 Or App 448, 456, 396 P3d 294, *rev den*, 361 Or 885 (2017).

The juvenile court noted in the permanency judgment that its description of DHS's reasonable efforts "is attached as Exhibit 36, and is adopted as the court's written findings." That exhibit reflects that DHS put a "parent mentor" and "individual counseling" in place for father and that it had an action agreement with father. It also reflects that father is engaged in a batterer's intervention group as well as an anger management program. It notes further that father sees a therapist through "Hill Top" and that they have provided father with referrals for housing assistance. The court's oral findings elaborate on those written findings, noting also that DHS had referred father for a psychological evaluation. To the extent that father flatly disputes the efforts that DHS has exerted and the services that DHS has made available to him, the court also found that father did

not "demonstrate[] sufficient credibility to rely" on his testimony. Given those efforts, considered with all the other circumstances, such as father's inability to progress through the batterer's intervention program that he selected for himself, and his continued "high conflict" interactions with mother that reflect continued risk of harm to D, all of which is in the record, the juvenile court did not err in its reasonable efforts finding. We also conclude, without further discussion, that the court did not err in changing the plan from reunification to guardianship.

Affirmed.