No. 547       August 7, 2024       251

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. R. M. O.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

E. R. M. O.,
*Respondent,*

*v.*

P. L. O.,
*Appellant.*

Clatsop County Circuit Court
21JU05787; A183095

Dawn M. McIntosh, Judge.

Submitted May 29, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent Department of Human Services.

G. Aron Perez-Selsky filed the brief for respondent child.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

This is a juvenile dependency case in which mother appeals the permanency judgment that changed the case plan from reunification to guardianship for E, her teenaged child. Mother assigns error to the juvenile court's conclusion that the Department of Human Services (DHS) made reasonable efforts toward the plan of reunification and, more generally, to the court's decision to change the plan away from reunification. DHS and E "are on the same side of this appeal," and they argue that the juvenile court did not err as mother claims. We affirm.

We use the standard of appellate review that applies to the appeal of a permanency judgment, recently described as follows:

> "We review findings of fact—such as what DHS did or did not do—for any evidence. *Dept. of Human Services v. J. F. D.*, 255 Or App 742, 744, 298 P3d 653 (2013). We review conclusions of law—such as whether the facts support the conclusion that DHS made reasonable efforts—for legal error. *Dept. of Human Services v. R. W.*, 277 Or App 37, 39, 370 P3d 543 (2016). We 'view the evidence in the light most favorable to the court's disposition to determine if it supports the court's legal conclusions.' *Dept. of Human Services v. S. J. M.*, 364 Or 37, 40, 430 P3d 1021 (2018). We draw the facts from the record that was before the juvenile court when it changed the permanency plan."

*Dept. of Human Services v. T. F.*, 331 Or App 682, 684, 548 P3d 510 (2024) (footnote omitted). A full recounting of the facts would not benefit the bar, the bench, or the public. We provide the following abbreviated summary of the underlying and procedural facts for context.

Mother is E's biological maternal grandmother, and she is also E's adoptive mother. Prior to DHS involvement, E lived with mother and mother's husband. DHS became involved with this family after E reported that she was having suicidal thoughts and engaging in suicidal behavior. DHS removed E from mother's home and placed her with E's biological uncle who is also her legal brother due to mother's adoption of E. The jurisdictional bases include (1) mother's mental health and medical problems, (2) the

chronic nature of mother's health issues and her associated need for assistance from DHS to stabilize those issues, and (3) a high level of household conflict. Each of those bases was found to interfere with mother's ability to safely parent E. Among other things, the juvenile court ordered mother to sign releases allowing DHS access to her medical and mental health records, to complete a psychological evaluation, to attend therapy with E as recommended by E's counselor, and to attend visits with E. The court ordered DHS to make appropriate referrals, to facilitate mother's mental health treatment, and to make reasonable efforts toward reunifying mother and E.

Agency efforts are reviewed by focusing on DHS's conduct, measuring the reasonableness of those efforts "through the lens of the adjudicated bases for jurisdiction," *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 305, 388 P3d 1204 (2017) (internal quotation marks omitted), and basing the review "on the totality of the circumstances." *Dept. of Human Services v. M. K.*, 257 Or App 409, 411, 306 P3d 763 (2013). Parental progress toward safe family reunification is measured by what the parent has done to ameliorate the circumstances that led to juvenile court jurisdiction. ORS 419B.476(2)(a). It is incumbent upon the department to provide services that could assist the parent in "fixing what is broken so the family can be reunited." *Dept. of Human Services v. P. W.*, 302 Or App 355, 358, 460 P3d 1044 (2020). The reasonableness of agency efforts and the sufficiency of parental progress are legal conclusions that are "heavily fact-driven." *Dept. of Human Services v. Y. B.*, 372 Or 133, 149, 546 P3d 255 (2024). As already mentioned, we review those conclusions for legal error.

We have considered mother's arguments and reviewed the record. We conclude that the juvenile court did not err in its reasonable efforts finding and, thus, it did not err in changing the permanency plan from reunification to guardianship. DHS provided mother with release of information forms to sign, it provided appropriate referrals for her to obtain counseling, and it arranged for visits between mother and E. DHS also referred mother to various family therapy providers, but she objected to at least two of those

providers, and DHS ultimately enlisted the help of E's therapist, Weinberg, to provide family therapy. Family therapy with Weinberg began with three individual sessions with mother followed by multiple sessions with both mother and E. Based upon her observations of mother interacting with E in joint therapy sessions, Weinberg developed concerns for E's safety, and she discontinued the family sessions. DHS again offered mother referrals to additional medical and mental health providers, but mother declined those.

At the time of the permanency hearing, E had been living with her uncle for over two years. Despite DHS's efforts to refer mother to services that would assist her in addressing the bases of jurisdiction, mother progressed no further toward the goal of safe reunification with E. Mother argues that "[b]ecause it became clear that [E]'s *estrangement* from mother and preference to live with her uncle was a central barrier in the case, and because the department's own expert recommended family therapy, it was also incumbent on the department to provide family counseling to achieve reunification." She is not wrong about that, and yet that is exactly what DHS did. It made referrals to providers for family therapy, but mother objected to those providers. Ultimately, Weinberg provided the family counseling. Despite a number of individual and joint sessions, Weinberg concluded that there were safety issues relative to mother's interactions with E. Given the failure of family therapy, DHS requested a change in the plan. It was not unreasonable for it to do so at that point. The record supports the juvenile court's reasonable efforts finding. The court did not err on this record when it changed the case plan away from reunification to guardianship.

Affirmed.